

FILED

NOV 09 2020

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| DONALD R. ROUGH SURFACE, | 1:20-CV-01020-CBK |
| Petitioner, | |
| vs. | ORDER |
| DARIN YOUNG, JASON R. RAVNSBORG, Attroney General of the State of South Dakota, | |
| Respondents. | |

Petitioner, a prisoner at the South Dakota State Penitentiary, was convicted after a jury trial in the South Dakota Circuit Court, Fifth Judicial Circuit, Walworth County of aggravated assault, first degree robbery, first degree rape, first degree murder by premeditation, and two counts of felony murder. He was sentenced on June 3, 1987, to four concurrent terms of 15 years and two concurrent terms of life imprisonment. He appealed his convictions and sentences and the South Dakota Supreme Court affirmed on May 3, 1989. State v. Rough Surface, 440 NW2d 746 (S.D. 1989).

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in 1995. 1:95-cv-01037-CBK. Counsel was appointed for petitioner but the petition was dismissed without prejudice because petitioner had not exhausted his state court habeas remedies.

Petitioner has filed another petition challenging his 1987 convictions and sentences. Petitioner contends that he received ineffective assistance of counsel as to a proposed plea offer. Petitioner filed a motion for leave to proceed *in forma pauperis*. Petitioner has made the requisite showing under 28 U.S.C. § 1915(a). Accordingly, his motion to proceed *in forma pauperis* will be granted. Pursuant to 28 U.S.C. § 1915(b)(1), petitioner is required to pay the statutory filing fee of $5.00 for this action. See 28 U.S.C. § 1914(a).

Petitioner is required to exhaust state court remedies prior to bringing federal habeas corpus claims. 28 U.S.C. § 2254(b)(1)(A). "The exhaustion requirement has as its purpose giving state courts 'the first opportunity to review federal constitutional issues and to correct federal constitutional errors made by the state's trial courts.'" Smittie v. Lockhart, 843 F.2d 295,

296-97 (8th Cir. 1988). A state court habeas remedy is available to plaintiff pursuant to SDCL 21-27-1. The petition states that petitioner did not exhaust his state court habeas remedies. A review of the records of the South Dakota Unified Judicial System eportal, which records I take judicial notice of, likewise show that petitioner has not exhausted his state court habeas remedies. Pursuant to 28 U.S.C. § 2254(b), the petition must be dismissed without prejudice to allow petitioner an opportunity to exhaust his state court remedies.

IT IS ORDERED:

1. Petitioner's motion, Doc. 4, to proceed without the prepayment of fees is granted. Petitioner, however, shall pay, through the Clerk of Court in Pierre, South Dakota, the $5.00 statutory filing fee for the above-captioned habeas action.

2. The petition is dismissed without prejudice for failure to exhaust state court remedies.

DATED this ___ day of November, 2020.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge